UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET ADKINS, Next Friend to
M.M.A. and N.J.A., Minors,

    Petitioner,

                                       Civil Action No. 15-13823

v.

                                       HONORABLE DENISE PAGE HOOD

JAMES S. ADKINS,

    Respondent.

_____/

## ORDER DENYING AND SUMMARILY DISMISSING EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is an Emergency Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254(a) filed by Petitioner Janet Adkins, Next Friend to M.M.A. and N.J.A., Minors, against Respondent James S. Adkins. (Doc., No. 1, Pg ID 19) This Court's review of the Petition and the related documents shows that this action is not a properly filed petition under § 2254. Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

Section 2254 states that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws

or treaties of the United States." 28 U.S.C. § 2254(a). For a federal court to have jurisdiction and grant § 2254 relief, the petitioner must be in custody pursuant to the judgment of a state court. *Steverson v. Summers,* 258 F.3d 520, 522 (6th Cir. 2001). A petitioner need not be physically incarcerated at the time the petition is adjudicated or at the time the petition is filed, but must be subject to restraints not shared by the public generally such as being on parole, probation or out on bail. *Hensley v. Municipal Court, San Jose–Milipitas Judicial Dist.,* 411 U.S. 345, 351 (1973). Even if a petitioner if exposed to a criminal contempt conviction with a possible sanction of jail time, this does not meet the "in custody" requirement for purposes of federal habeas corpus jurisdiction. *Maleng v. Cook,* 490 U.S. 488, 492 (1989); *Musilli v. Googasian Firm, P.C.,* 2010 WL 25955552, *4 (E.D. Mich. June 24, 2010). "The custody requirement serves to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Tinder v. Sister Rose Paula,* 725 F.2d 801, 803 (1st Cir. 1984).

Liberally construing Petitioner's papers, the Court finds that neither she, nor the minors N.M.A. and N.J.A., meet the "in custody" requirement under § 2254. Petitioner fails to allege that she or the minors are subject to any restraints issued by a state tribunal. Rather, Petitioner seeks review of the rulings by the various state courts regarding child custody issues between Petitioner and Respondent. The Court

has no subject matter jurisdiction to grant relief under § 2254. The Court also has no jurisdiction to review any state court rulings as to the child custody issues as further set forth below.

Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). The party asserting jurisdiction has the burden of establishing whether the court has jurisdiction over a matter. *Id.* at 377. The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue. *See Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986); *Amer. Telecom Co., L.L.C. v. Republic of Lebanon,* 501 F.3d 534, 537 (6th Cir. 2007)("Subject matter jurisdiction is always a threshold question.").

The Supreme Court has held that federal courts lack jurisdiction over questions of divorce, alimony, or child custody. *See Barber v. Barber,* 62 U.S. (21 How.) 582, 584 (1858); *Ankenbrandt v. Richards,* 504 U.S. 689, 703-07 (1992). "Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Co.,* 654 F.2d 1212, 1215 (6th Cir. 1981). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and

not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593-94 (1890); *Partridge v. Ohio,* 79 F. App'x 844, 845 (6th Cir. 2003)("[F]ederal courts have no jurisdiction to resolve domestic relations disputes involving child custody or divorce.").

Federal courts also lack jurisdiction to review the decisions made by Michigan courts in child custody proceedings since the courts do not possess direct oversight powers over Michigan's courts. *See, In re Cook,* 551 F.3d 542, 548 (6th Cir. 2009); *Hood v. Keller,* 341 F.3d 593, 597 (6th Cir. 2003). A party may appeal an adverse decision of a state trial court to the Michigan Court of Appeals, an application for leave to appeal to the Michigan Supreme Court, and thereafter an application for a writ of certiorari before the United States Supreme Court. *See District of Columbia Circuit Court of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *Lawrence v. Welch,* 531 F.3d 364, 368-69 (6th Cir. 2008).

Petitioner cites the Parental Kidnaping Prevention Act of 1980 ("PKPA"), 28 U.S.C. 1738A, to support her claim that this Court has subject matter jurisdiction over the child custody issue. The PKPA imposes a duty on the states to enforce a child custody determination entered by a court of a sister state if the determination is consistent with the provisions of the Act. *Thompson v. Thompson,* 484 U.S. 174,

175-76 (1988). All states must accord full faith and credit to the first state's ensuing custody decree. *Id.* at 177. The PKPA does not create a private cause of action to determine which of two conflicting state custody decrees is valid. *Id.* at 187.

The PKPA is not an available remedy to Petitioner since it does not create a private cause of action in federal court. The PKPA is also not applicable in this case since the child custody ruling at issue is not from two competing states, but rather a ruling from one state, Michigan. Petitioner has failed to state a claim under the PKPA.

Based on the above, the Court has no jurisdiction to review the decisions of the Michigan courts regarding the child custody issues raised by Petitioner in her papers under § 2254, the PKPA or any other federal law. The law is clear as noted above that this Court lacks subject matter jurisdiction to review issues related to child custody decrees issued by the Michigan courts.

Accordingly,

IT IS ORDERED that Petitioner's Emergency Petition for Writ of Habeas Corpus **(Doc. No. 1)** is DENIED and DISMISSED with prejudice. The Request for Service by the U.S. Marhsal **(Doc. No. 2)** is DENIED.

IT IS ORDERED that a certificate of appealability *not* issue in this case. The Court denies any request to issue a certificate of appealability. To obtain a certificate

of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  Petitioner is not a prisoner and has not shown a substantial showing of the denial of a constitutional right.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  November 4, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 4, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager